**UNITED STATES, Appellee,**

v.

**Willie HEYWARD, Technical Sergeant,
U.S. Air Force, Appellant.**

No. 49840.
ACM 24138

U.S. Court of Military Appeals.

April 14, 1986.

For Appellant: *Captain Deborah J. Hudspeth* (argued); *Colonel Leo L. Sergi* and *Major Kathleen G. O'Reilly* (on brief).

For Appellee: *Captain Joseph S. Kistler* (argued); *Colonel Kenneth R. Rengert* and *Major Robert E. Ferencik, Jr.* (on brief); *Colonel Andrew J. Adams, Jr.*

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted by a panel of officer members of conspiracy to obstruct justice, dereliction of duty, two specifications of obstruction of justice, and three specifications of use of marihuana, in violation of Articles 81, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, and 934, respectively. His sentence to confinement for 7 years, forfeiture of $450 pay per month for 3 months, reduction to E–4, and a dishonorable discharge was approved by the convening authority. The Court of Military Review affirmed. 17 M.J. 942 (1984).

This Court granted review of the following issue:[1]

---

1. Also, review was granted on the specified issues of whether Charges II and III stated the offenses of obstruction of justice and conspiracy to obstruct justice when no judicial proceeding had been commenced at the time appellant was alleged to have endeavored to impede the administration of nonjudicial punishment and to have entered into the conspiracy. 19 M.J. 30.

CAN THE APPELLANT'S CONVICTION FOR DERELICTION OF DUTY FOR FAILURE TO REPORT DRUG ABUSE BY OTHERS BE AFFIRMED WHEN THE GOVERNMENT'S EVIDENCE INDICATED THAT THE APPELLANT WAS CRIMINALLY INVOLVED IN MOST OF THE DRUG ABUSE?

Under the circumstances of this case, appellant's conviction for dereliction of duty cannot stand.

Appellant was charged with dereliction of duty over a four-month period "in that he willfully failed to report to proper authorities the wrongful use of marihuana by persons known by him to be members of the U.S. Air Force, as it was his duty to do." He was also charged with using marihuana three times during the same period. The Government's evidence showed that appellant was present on at least five occasions when other Air Force members were using marihuana and that appellant participated in the marihuana use on three of these occasions. Appellant testified in his own defense, admitting that he had a duty to report any Air Force member that he knew to be abusing drugs, but denying that he ever observed any Air Force member using marihuana or that he had used marihuana himself.

■ Appellant questions whether he can be held criminally liable for his failure to report drug abuse. A citizen's obligation "to raise the 'hue and cry' and report felonies to the authorities" has been recognized throughout our history. *Branzburg v. Hayes,* 408 U.S. 665, 696, 92 S.Ct. 2646, 2664, 33 L.Ed.2d 626 (1972) (footnote omitted). Although "gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship," *Roberts v. United States,* 445 U.S. 552,

558, 100 S.Ct. 1358, 1363, 63 L.Ed.2d 622 (1980), it will not, standing alone, subject an individual to criminal prosecution in the absence of a special duty.[2] In this case, the court below found that appellant had a duty to report drug abuse, which duty was established by evidence of Air Force regulations, directives applicable to appellant as a noncommissioned officer, and the custom of the service. A military member who knowingly fails to perform a duty, whether the duty be imposed by administrative regulation, a custom of the service, or lawful order, may be prosecuted under Article 92(3) for dereliction of duty. Para. 171c, Manual for Courts-Martial, United States, 1969 (Revised edition); *see* Part IV, para. 16c(3), Manual for Courts-Martial, United States, 1984. *See United States v. Shelly,* 19 M.J. 325, 328 (C.M.A.1985); *United States v. McCall,* 11 U.S.C.M.A. 270, 29 C.M.R. 86 (1960); *United States v. Grow,* 3 U.S.C.M.A. 77, 11 C.M.R. 77 (1953).

"[T]he primary business of" the military is "to fight or be ready to fight wars should the occasion arise." *United States ex rel. Toth v. Quarles,* 350 U.S. 11, 17, 76 S.Ct. 1, 5, 100 L.Ed. 8 (1955). Drug abuse by members of the military has long been regarded as a serious threat, not only to the preparedness of the drug abusers themselves, but "to the performance of the mission entrusted by the Constitution and Congress to the Armed Services." *Murray v. Haldeman,* 16 M.J. 74, 79 (C.M.A.1983). *See United States v. Trottier,* 9 M.J. 337, 345 (C.M.A.1980); *United States v. Beeker,* 18 U.S.C.M.A. 563, 565, 40 C.M.R. 275, 277 (1969). In attempting to maintain high standards of health, morale, and fitness for duty, it is entirely reasonable for the Air Force to impose upon its members a special duty to report drug abuse. As acknowledged by the Supreme Court:

---

This issue has since been resolved adversely to appellant by our decision in *United States v. Jones,* 20 M.J. 38 (C.M.A.1985).

**2.** The offenses of being an accessory after the fact and misprision of a felony require affirmative acts of concealment or assistance in addition to failure to report. Paras. 157 and 213f(6), Manual for Courts-Martial, United States, 1969

(Revised edition). *See* Part IV, paras. 3 and 95, Manual for Courts-Martial, United States, 1984; 18 U.S.C. § 4; *United States v. Ciambrone,* 750 F.2d 1416 (9th Cir.1985). *See also* Note, *Forcing the Bystander to Get Involved: A Case for a Statute Requiring Witnesses to Report Crime,* 94 Yale L.J. 1787 (1985).

To prepare for and perform its vital role, the military must insist upon a respect for duty and a discipline without counterpart in civilian life. The laws and traditions governing that discipline have a long history; but they are founded on unique military exigencies as powerful now as in the past.

*Schlesinger v. Councilman,* 420 U.S. 738, 757, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975).

Nonetheless, appellant contends that the offense of dereliction of duty for failure to report drug abuse violates the privilege against self-incrimination by its very nature. We disagree.

■ Servicemembers are protected from compulsory self-incrimination by the fifth amendment to the Constitution of the United States and Article 31, UCMJ, 10 U.S.C. § 831. The reporting requirement here, however, did not compel appellant to report his own illegal acts. Rather, he was only required to report the drug abuse of others. This requirement is facially neutral, and no admission of criminal activity by the declarant is apparent. While the information disclosed may focus attention on the reporting servicemember and may eventually lead to criminal charges being brought against him, this possibility alone does not invalidate the reporting requirement. *See California v. Byers,* 402 U.S. 424, 434, 91 S.Ct. 1535, 1540, 29 L.Ed.2d 9 (1971) (plurality opinion); *United States v. Alkhafaji,* 754 F.2d 641 (6th Cir.1985); *United States v. Flores,* 753 F.2d 1499 (9th Cir.1985) (en banc).

Unlike the cases where disclosures were required only from "a highly selective group inherently suspect of criminal activities," *Albertson v. SACB,* 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965), the reporting requirement in this case is not aimed at a particular group suspected of criminal activity, but instead applies equally to all Air Force members who know of drug abuse by others. *See Marchetti v. United States,* 390 U.S. 39, 47, 88 S.Ct. 697, 702, 19 L.Ed.2d 889 (1968). This duty to report is analogous to the reporting requirement of the "hit and run" statute analyzed in *California v. Byers, supra,* in that it depends on the occurrence of an event that is not suspect in itself—the knowledge of drug abuse by others.

■ We recognize that because the reporting requirement is directed at an essentially criminal area of inquiry, i.e., drug abuse, the compelled disclosures are inherently more risky than where the information compelled is itself of a noncriminal nature. When compelled disclosures have an incriminating potential, the Government's need for the disclosure must be balanced against the individual's right against self-incrimination. *California v. Byers, supra* 402 U.S. at 427, 91 S.Ct. at 1537. Balancing the important governmental purpose in securing the information against the right of the servicemember to be protected from compulsory self-incrimination, we hold that where, at the time the duty to report arises, the witness to drug abuse is already an accessory or principal to the illegal activity that he fails to report, the privilege against compelled self-incrimination may excuse his non-compliance. *See State v. Carson,* 262 S.E.2d 918 (S.C.1980); *United States v. Kuh,* 541 F.2d 672 (7th Cir.1976); *United States v. Tyson,* 2 M.J. 583 (N.C.M.R.1976). We emphasize, however, that the basic reporting requirement is valid and permissible.

Due to contingencies of proof, it may be warranted in some cases to charge an accused both with dereliction of duty for failure to report an offense and with the offense that he failed to report. Nevertheless, we see no need to allow an accused to be convicted of both. *Cf. United States v. Cartwright,* 13 M.J. 174 (C.M.A.1982) (accused may not be convicted of both larceny as a principal and receiving same stolen property); *United States v. Marks,* 11 M.J. 303 (C.M.A.1981) (accused cannot be convicted of both larceny of government property and dereliction of duty for failing to stop larceny which accused perpetrated); R. Perkins, *Criminal Law* 669 (2d Ed.1969) (one who is principal cannot be accessory-after-the-fact).

The Government proved that on three occasions appellant was a principal to marihuana use by the same Air Force members that he failed to report. The Government also introduced evidence that appellant was present on two other occasions when marihuana was used but he did not partake himself. Thus, appellant could properly be convicted of both use of marihuana on three occasions and dereliction of duty for failure to report drug use by others on the two occasions when he was not involved as a principal. Considering the posture of the evidence and the instructions, however, the members may have convicted appellant of dereliction of duty for failing to report the same drug abuse to which he was a principal. In fact, trial counsel argued on findings that appellant did not report the drug abuse of the others "because he would be blowing the whistle on himself." Consequently, we will dismiss the dereliction-of-duty offense.[3]

The decision of the United States Air Force Court of Military Review is reversed as to Charge I and its specification and the sentence. The findings of guilty thereon are set aside and Charge I and its specification are dismissed. The record of trial is returned to the Judge Advocate General of the Air Force for submission to that court for reassessment of the sentence based on the remaining findings of guilty.

EVERETT, Chief Judge (concurring):

For the most part, the common law was reluctant to impose affirmative duties— whether to rescue others, to report crimes, or otherwise. *See* Note, *Forcing the Bystander To Get Involved: A Case for a Statute Requiring Witnesses to Report Crime,* 94 Yale L.J. 1787 (1985). Most American legislatures and courts have shared this reluctance. Thus, crimes like misprision of a felony or being an accessory after the fact have generally been interpreted to require more than a failure to act. Moreover, in drafting its Model Penal Code,

the American Law Institute rejected very modest proposals to create affirmative duties enforced by punishment.

Some widespread attitudes in our society may underlie the unwillingness to punish those who refuse to act—even when such action would help law enforcement or preserve the public safety. Our vernacular reflects these attitudes in the use of terms like "stool pigeon," "rat," "snitch" and "tattletale"—terms which make clear that those who report others' misdeeds often are unpopular. While some institutions maintain honor codes, which may require the reporting of observed infractions, a substantial portion of our citizenry are unwilling to "get involved" by preventing or reporting crimes.

I do not applaud or condone the unwillingness many have to be their brother's keeper—although, on the other hand, I certainly would not wish to live in a country like Nazi Germany, where children were motivated to report any seemingly disloyal thought or action of family members. My concern is that, because failure to act usually is not punishable, someone who fails to act may be unaware of the possible consequences of his omission.

In my view, it does not suffice for the Government to prove that the Air Force intended that appellant, as a noncommissioned officer, have a duty to report drug use by others. Also it must be proved, in light of the societal background concerning such inaction, that appellant knew—or should have known—that he was subject to this duty. *Cf. United States v. Johanns,* 20 M.J. 155 (C.M.A.), *cert. denied,* ___ U.S. ___, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985). In short, if a servicemember might not be aware that he was required to perform a particular duty, he cannot properly be convicted of dereliction under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, for failure to perform the duty. Fortunately, as the principal opinion ob-

---

**3.** I agree with Chief Judge Everett's concurring opinion. I can recall hearing school children chant, "tattletale, tattletale, your tongue's gonna split." Nevertheless, this attitude in no way

justifies a military member's failure to report conditions dangerous to the welfare and safety of the military community, and drug abuse clearly falls into that category.

serves, Air Force directives had made Heyward well aware of his duty as a noncommissioned officer to report drug abuse by his subordinates. Because he had received clear guidance in this regard, he cannot complain now that he lacked notice.

Is every noncommissioned officer under a duty to report to higher authority all information about any crime by any servicemember of which he has knowledge? Can every servicemember be required to report every observable incident of drug use? These questions are not presented in this case. However, when and if they arise—and whatever the theory of prosecution—it appears clear to me that a conviction for failure to perform such a duty can be sustained only if the Government establishes clearly that the accused had adequate notice of the duty involved.