**UNITED STATES**

v.

**Staff Sergeant Michael E. DUPREE, FR 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, United States Air Force.**

**ACM S26894 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Sept. 1985.

Decided 13 Nov. 1987.

**660**

Appellate Counsel for the Appellant: Colonel Fred W. Kuhn and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Barret E. Kean, USAFR.

Before SESSOMS, MICHALSKI and LEWIS, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

### SESSOMS, Senior Judge:

In August and September 1985 the accused was tried by special court-martial. In accordance with his pleas he was convicted of drinking intoxicating liquors with prisoners under his charge in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. Contrary to his pleas, he was also found guilty of dereliction of duty by failing to prevent and report marijuana use by those same prisoners, in violation of Article 92(3), U.C.M.J., 10 U.S.C. § 892. His sentence of bad conduct discharge and reduction to airman basic was approved by the convening authority and this Court during our initial review.

The Court of Military Appeals granted appellant's petition to consider the following issue:

WHETHER APPELLANT'S CONVICTION UNDER SPECIFICATION 2, CHARGE II FOR DERELICTION OF DUTY IN FAILING TO REPORT MARIJUANA USE BY PRISONERS CAN BE AFFIRMED WHEN THE DRUG ABUSE OCCURRED WHILE APPELLANT WAS ALLEGEDLY DISOBEYING AN ORDER TO RETURN THE PRISONERS TO CONFINEMENT AND REPORTING IT WAS INCONSISTENT WITH HIS COUNSEL'S ADVICE TO REMAIN SILENT.

The Court held that the appellant's conviction for dereliction of duty for failing to *report* the use of marijuana by the prisoners cannot be sustained under the circumstances of this case. *United States v. Dupree*, 24 M.J. 319 (C.M.A.1987), citing generally, *United States v. Rosato*, 3 U.S.C.M. A. 143, 147, 11 C.M.R. 143, 147 (1953). The case is again before us on remand to consider the additional question of whether his conviction for this offense should be sustained on the basis of his failure to *prevent* the drug use. *United States v. Thompson*, 22 M.J. 40 (C.M.A.1986); *Cf. United States v. Heyward*, 22 M.J. 35 (C.M.A.1986).

The essential holding in *Heyward, supra*, is that an accused cannot be convicted of dereliction of duty for failure to report drug abuse by others on those occasions when he was a principal to the drug abuse that he failed to report. In *Thompson*, which was issued on the same day as *Heyward*, the Court also held that when a noncommissioned officer is himself a principal to the criminal activity that he fails to report or prevent, he cannot be convicted of both the dereliction of duty and the substantive crime. 22 M.J. 40, 41.

In writing the opinion for the court in the instant case, Judge Sullivan points out that:

It was established at trial that Inforzato and James were military prisoners. It was also established that appellant was informed that these prisoners were to work under his supervision. The prisoner-guard relationship implies as a matter of common sense the duty of the guard or escort to restrain the prisoner from additional illegal acts. See generally *United States v. Acosta–Vargas*, 13 U.S. C.M.A. 388, 391, 32 C.M.R. 388, 391 (1962). However, trial counsel expressly stated at trial that this dereliction-of-duty charge did not stem from appellant's duties as a prisoner escort.

*Dupree*, 24 M.J. 319, 322.

The Court declined to affirm the conviction on that basis, but went on to point out that at trial:

[T]he government asserted that appellant's duty to prevent marijuana use by these servicemembers stemmed from his customary duties as a noncommissioned

officer and as implied in service drug regulations. Defense counsel in this case conceded that servicemembers may not use contraband drugs and that non-commissioned officers are responsible for enforcing this prohibition as well as other regulations.

*Dupree*, 24 M.J. 319, 322.

In couching the remand to us the Court cited the dicta in *United States v. Thompson, supra* at 41, which raised questions as to whether a clear-cut duty to "prevent" crime may be established in a similar context. Noting that such dicta is not controlling, they nevertheless returned the case to us for consideration of the question in light of the issues raised in *Thompson.* The dicta to which Judge Sullivan refers is that in which the Court recognizes the responsibilities of noncommissioned officers to "take affirmative action to stop the use of drugs, to break up fights, to halt a thief, or to take reasonable measures to 'prevent' crime, in any shape or form." *Id.* at 41. However, the author goes on to express a certain reluctance on the part of the court to approve criminal sanctions under Article 92(3) for failure to perform a general unspecified duty to "prevent" crime in the absence of an identifiable regulation, directive, or custom of the service which would provide notice to noncommissioned officers of the *legal* requirements to which they are subject.

At trial, government counsel introduced extracts of Air Force Regulations (A.F.R.) 30–1, 30–2, and 39–6 to support the contention that these regulations, along with the customs of the service, impose a duty on noncommissioned officers to report and prevent drug abuse by subordinates. A.F.R. 30–1, Air Force Standards, 4 May 1983, is a regulation which provides personnel with specific guidance on required standards of conduct, performance, and discipline. Although the regulation is, by its own terms, not to be used "as a basis for disciplinary charges under Article 92(1) of the Uniform Code of Military Justice," it is to be used "as evidence of customs of the Air Force and duties of members in actions under the UCMJ". *Id.* prefatory note.

The regulation further states in pertinent part:

The Air Force has a very important mission; and you, as a member of the Air Force have some serious responsibilities for carrying out that mission. You are responsible for carrying out orders, performing daily tasks related to your duties, and living up to the high standards of the Air Force. If you are a supervisor, you have the responsibility to make sure your subordinates meet the same standards.... If you are a supervisor, you must hold your subordinates accountable and take appropriate corrective actions when they do not fulfill their responsibilities.

A.F.R. 30–1, para. 6.

The following direction is found in paragraph 10 of A.F.R. 30–1. "Drug—the illegal or improper use of drugs including marijuana—is absolutely incompatible with Air Force standards of behavior, performance, and discipline necessary for accomplishing the mission and will not be tolerated." In addition, A.F.R. 39–6, The Enlisted Force Organization, 12 August 1977, in a paragraph titled "General NCO Responsibilities," states that noncommissioned officers must "[m]aintain exemplary standards of behavior, including personal conduct, courtesy, loyalty, and personal appearance. Exercising leadership by example, they must be alert to correct personnel who violate these standards." Further on in the same paragraph NCOs are admonished that their duties include "[o]bserving, counseling, and correcting subordinates on matters of duty performance, individual conduct, customs, courtesies, safety, and personal appearance both on and off duty." They are also reminded of their responsibilities for "[e]nsuring appropriate action is taken when the conduct or duty performance of a subordinate is marginal or substandard." A.F.R. 39–6, para 2–3.

We do not believe that these regulations and the customs of the service which they evince are sufficient to satisfy the concerns expressed by the Court of Military Appeals with respect to the duty of a noncommissioned officer to prevent every conceivable

**662**

crime occurring in his presence. However, neither do we believe that we must answer all of those questions in order to resolve the issues we now face. We conclude that the authorities referred to above are sufficient to put noncommissioned officers on notice that they have a duty to take all reasonable measures to correct the substandard conduct of their subordinates and to prevent those crimes which are reasonably within their control. In addition to the fact that one is presumed to have knowledge of general regulations, the appellant admitted that he had attended a leadership school at which the subject matter of these regulations was part of the curriculum. Furthermore, it is apparent from the record that the court members were convinced beyond a reasonable doubt that the appellant had a duty to act in these circumstances and that he failed to perform that duty. During findings instructions the military judge charged the court members that in order for the accused to be found guilty of the dereliction offense:

> [T]he prosecution must prove that the accused had a prescribed duty to prevent the use of marijuana by the prisoners, and to report that they had used marijuana to appropriate authorities.

> The second element is that the accused had actual knowledge of his duties.

> The third and final element is that [the accused] was derelict in the performance of those duties by willfully failing to prevent the use of marijuana by the prisoners, Inforzato and James, and willfully failing to report their use of marijuana to appropriate military authorities.

After what we can only presume to be appropriate deliberation the court members found the appellant guilty of dereliction as charged.

The appellant was neither charged with nor convicted of any drug offense. Thus the question raised by the Court of Military Appeals is answered in the affirmative. We are not aware of any authority, statutory or case law, that would act as a bar to the conviction of this noncommissioned officer appellant for failing to prevent the use of marijuana by those subordinates in his charge under the circumstances present on this occasion. Having reached this holding we find it unnecessary to consider the effects of Article 7(c) U.C.M.J, 10 U.S.C. § 807.

We have again examined the record of trial, the assignment of errors, the government's reply thereto, the question remanded for our consideration, and we have reassessed the sentence in light of the action taken by the Court of Military Appeals, and we find the sentence to be nevertheless appropriate. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). We have concluded that the findings, as modified, and sentence are correct in law and fact and that no other error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Judges MICHALSKI and LEWIS concur.