**UNITED STATES**

v.

**Sergeant Rosemary M. MEDLEY, FR 230–94–5489, United States Air Force.**

**ACM 28012.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 July 1989.

Decided 18 April 1990.

■

Appellate Counsel for the Appellant: Mr. Ronald Douglas, Washington, D.C.; Colonel Richard F. O'Hair and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Terry M. Petrie and Captain David G. Nix.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Sergeant Rosemary Medley was found guilty of dereliction of duty and wrongful use of cocaine, violations of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a, stemming from events occurring from July 1987 to January 1988. The Government alleged that the appellant: (a) used cocaine at various times with other military members; and (b) observed these fellow service personnel using drugs on other occasions but failed to report it.[1]

Sergeant Medley asserts in her brief and in oral argument before us that *United States v. Heyward,* 22 M.J. 35 (C.M.A. 1986), bars her conviction for all the dereliction of duty offenses. We disagree.

### *A Duty to Report Offenses and the "Heyward Exception"*

### A

■ Personnel are required by regulation to report to proper authority the use of drugs by other service members. Despite this, the *Heyward* case provides one narrow exception based on self-incrimination grounds:

[W]e hold that where, at the time the duty to report arises, the witness to drug abuse is already an accessory or principal

to the illegal activity that he fails to report, the privilege against compelled self-incrimination may excuse his non-compliance.

*Heyward,* 22 M.J. at 35.

The *"Heyward* exception" is of no benefit to this appellant. She was convicted of failing to report *only as to those occasions on which she herself did not use drugs.* In short, the *Heyward* exception is inoperative on the facts.

### B

The appellant, however, seeks to cobble together another type of *Heyward* defense. In essence, her theory is this: "For purposes of this appeal, you can postulate that I am involved in occasional drug use with these friends. Sometimes I do drugs with them, other times I socialize with them but don't participate. Practically speaking it would be professional suicide for me to reveal any of their drug use—they will get even and tell about the times I *did* do drugs with them."

In our judgment, the appellant's argument is overcome by the *Heyward* rationale. In that case, Technical Sergeant Heyward used marijuana three times during a four-month period; *he also failed to report use by his companions on other occasions. Heyward,* 22 M.J. at 38. Anything which Sergeant Medley says in her behalf today could also be said for Technical Sergeant Heyward. Yet the Court of Military Appeals did not grant him relief on this basis. We find *Heyward* outcome-determinative. *See also United States v. Reed,* 24 M.J. 80 (C.M.A.1987); *United States v. Thompson,* 22 M.J. 40 (C.M.A. 1986).

Neither can the appellant take comfort from *United States v. DuPree,* 24 M.J. 319 (C.M.A.1987). That case involved a one time frolic by a guard; his prisoners' marijuana use was inextricably intertwined with appellant's misconduct in taking the prisoners off base, consuming alcohol with them, and failing to return them to jail on time.

1. At trial, the parties stipulated that the duty to report the illegal use of drugs by military subordinates was imposed by Air Force Regulations 30-1, 30-2, and 39-6, as well as by a custom of the service.

It was for this reason that his dereliction of duty conviction could not stand. *DuPree,* 24 M.J. at 321.

Perhaps the case offering the most hope to the appellant is *United States v. Brunton,* 24 M.J. 566, 571 (N.M.C.M.R.1987). We find the case distinguishable on its facts; it involves coconspirators operating in a narrow timeframe.

## C

 Other *Heyward*-type questions exist in this case. The appellant was convicted in Charge II, specification 2 of dereliction of duty for failing to report the *marijuana* smoking of her subordinates. On these same occasions, as we read the record, she was herself using *cocaine.* We believe it draws the line too finely to deny an accused the *"Heyward* defense" when he or she is using Drug A and subordinates are using Drug B. In our judgment, the *Heyward* defense is available to the appellant at this juncture.[2] Accordingly, the findings of guilty as to Charge II, specification 2 cannot stand.

 One more matter should be mentioned in this regard: The Government won an additional and unexpected boon when findings were announced in this case. Additional Charge I, specification 2 and Additional Charge II are offenses charged in the alternative—it was the Government's theory that either the appellant had used cocaine or been derelict in not reporting use by her subordinates. The first of these twinned specifications was charged as occurring on "divers occasions." At trial, the appellant was found guilty, but only after the words "divers occasions" were excepted by the voting members. In effect, this resulted in a finding of guilty on *one* occasion. A one-time cocaine use (Additional Charge I, specification 2) no longer stands as an alternate pleading, we believe, to

divers failures to report (Additional Charge II). As a consequence, we believe that both findings may be sustained on the facts.

### Other Matters

The case against the appellant was proved by the testimony of four witnesses. We are convinced that their evidence was more than sufficient for the members to find the appellant guilty of these matters. We, too, are convinced of her guilt.

The other assignments of error are resolved against the appellant. *United States v. Tyler,* 17 M.J. 381, 387 (C.M.A. 1984); *United States v. Everstone,* 26 M.J. 795 (A.F.C.M.R.) *pet. denied,* 27 M.J. 434 (C.M.A.1988); *United States v. Rehberg,* 15 M.J. 691 (A.F.C.M.R.), *pet. denied,* 16 M.J. 185 (C.M.A.1983).

 The findings of guilty of Charge II, specification 2 are set aside. We shall reassess because of this matter and under our overall warrant to approve only so much of the findings and sentence as we find correct in fact and law.[3] Considering the record as a whole, we approve only so much of the sentence as extends to a bad conduct discharge, confinement for 14 months, forfeitures of $600.00 per month for 14 months, and reduction to airman basic.

The findings of guilty and the sentence, both as modified, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.

---

2. "[W]hile I should not dream of asking where the line can be drawn, since the great body of the law consists in drawing such lines, yet when you realize that you are dealing with a matter of degree you must realize that reasonable men may differ widely as to the place where the line should fall." Justice Oliver Wendell Holmes in

*Schlesinger v. Wisconsin,* 270 U.S. 230, 241, 46 S.Ct. 260, 262, 70 L.Ed. 557 (1926).

3. The approved sentence, we note, reduced the length of confinement from the adjudged four years to two years, as well as reducing forfeitures to a similar two-year period.