956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas M. MOORE, Plaintiff-Appellant,
v.
THE UNITED STATES, Defendant-Appellee.
 No. 91-5122.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1992.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Thomas M. Moore (Moore), as administrator of the estate of his deceased son, William T. Moore (decedent), appeals from the May 10, 1991 decision of the United States Claims Court, No. 211-89C, upholding a decision of the Department of the Navy to sustain the charge against decedent of failure to report a violation of a general order, and denying Moore's claim for back pay through the end of decedent's enlistment period. We affirm.
 
 DISCUSSION
 
 2
 Decedent, a former Navy sonar technician, encountered two fellow servicemen outside his docked ship on the evening of March 7, 1986. One of the servicemen handed decedent an unlit marijuana cigarette. Decedent immediately handed it back. As a result of this incident, decedent received a nonjudicial punishment (NJP) under U.S. Navy Regulations Article 15[1] containing the following counts: (1) use of a controlled substance; (2) possession of a controlled substance; and (3) failure to report a violation of a general order (i.e., use and possession of a controlled substance by others) under U.S. Navy Regulations Article 1139. The Navy almost immediately dropped the use charge and subsequently reversed the possession charge, but sustained the failure to report charge. As a result of the failure to report charge and a previous unrelated NJP, decedent was discharged from the Navy on June 4, 1986. He died in an unrelated automobile accident on August 18, 1986.
 
 
 3
 In this appeal from the Claims Court's decision affirming the Navy, Moore initially contends that the Claims Court improperly found that the decedent "had no Fifth Amendment protections in an Article 15 proceeding," in reliance on Dumas. We do not read the Claims Court's opinion, nor that in Dumas, as going so far. In any event, we need not reach the question.
 
 
 4
 Granting for the sake of argument that the Fifth Amendment's protection against compelled self-incrimination extends to Article 15 proceedings which are non-criminal in nature, we concur in the Claims Court's conclusion that under the circumstances here, decedent would not have been forced to incriminate himself by reporting the prohibited acts of his shipmates. At the time when decedent's duty to report a violation by others arose, he had neither participated in the offenses which he had a duty to report, nor was he being accused of participating in those offenses.
 
 
 5
 We agree with the Claims Court that United States v. Reed, 24 M.J. 80 (C.M.A.1987), relied upon by Moore, is distinguishable on its facts. In that case, Reed was convicted by a court-martial on a single count of use of marijuana on ten separate occasions over a period of several months, as well as failure to report the transfer and possession of marijuana by a fellow Marine on a particular date within that time period. The Court of Military Appeals held that, where a military judge did "not satisfactorily resolve [the] question" of whether Reed's failure to report was a result of his own use of marijuana or of his being an accessory or principal to the use by others, the conviction based on Article 1139 could not be sustained. Reed, 24 M.J. at 83. The Reed court's concern that Reed might have participated in the same offense with which he was charged for failing to report, thus triggering the self-incrimination issue, does not come into play here. As the Claims Court found, decedent committed no principal offense before the duty to report attached. Hence, there was no reason for decedent to suspect that subsequent investigations would reveal any wrongdoing on his part.
 
 
 6
 Although not binding upon us, we take guidance from decisions of the Court of Military Appeals on this subject. See, e.g., United States v. Medley, 33 M.J. 75, 77 (C.M.A. 1991) (court had "no hesitation in validating appellant's duty to report her subordinates' criminal conduct, notwithstanding the fact that she was found to have joined them in crime on other occasions," despite appellant's contention that "on-going drug activities of her social circle" were so interrelated as to render it impossible to report one incident without potential self-incrimination as to other incidents), petition for cert. filed, 60 U.S.L.W. 3454 (U.S. Jan. 7, 1992) (No. 91-851); United States v. Heyward, 22 M.J. 35 (C.M.A.) (though conviction for failure to report drug use by others was reversed in light of evidence that appellant might have been a principal thereto, appellant "could properly be convicted ... for failure to report drug use by others on the two occasions when he was not involved as a principal."), cert. denied, 479 U.S. 1011 (1986). These cases involved court-martial proceedings, not NJPs. As the Claims Court pointed out, "lesser constitutional privileges [are] afforded in nonjudicial proceedings." See Dumas, 620 F.2d at 250-53.
 
 
 7
 In addition to his constitutional challenge to charge (3), Moore seeks to recover decedent's back pay through the end of his enlistment on September 3, 1989, pay for a period of more than three years after his death. Moore contends that "but for" the Navy's improper discharge, decedent would have been performing his naval duties on August 18, 1986, and would not have been involved in the car accident that took his life. The propriety of decedent's discharge was not before the Claims Court and hence is not subject to our review. In any event, we shall not disturb the Claims Court's refusal to speculate whether decedent would have continued to serve out his term, had he not met an untimely death. It was Moore's burden to prove that decedent was "ready, willing and able to perform at all times" for which back pay is sought. Piccone v. United States, 407 F.2d 866, 876 (Ct.Cl.1969). As the Claims Court correctly held, Moore is not entitled to recover back pay beyond the date of decedent's death.
 
 
 
 [1]
 Nonjudicial punishment (NJP) is a noncriminal penalty established by statute, 10 USC 815 (1988) ("Article 15"). Article 15 nonjudicial punishment is the least formalized method of military discipline, conducted personally by an accused's commanding officer. Dumas v. United States, 620 F.2d 247, 251 (Ct.Cl.1980)