**UNITED STATES, Appellee,**

v.

**Kenneth J. KELLIHER, Sergeant,
U.S. Marine Corps, Appellant.**

No. 67,266.

NMCM 88 4537.

U.S. Court of Military Appeals.

Argued June 3, 1992.

Decided Sept. 24, 1992.

For Appellant: *Lieutenant David P. Sheldon, JAGC, USNR* (argued).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Colonel T.G. Hess, USMC* (on brief).

*Opinion of the Court*

COX, Judge:

The issue in this case concerns the constitutionality of a regulation requiring servicemembers to report contacts with citizens of communist controlled or hostile countries.[1] Appellant, a Marine security guard at the United States Embassy in Moscow, was charged *inter alia* with violating OPNAVINST 5510.1G (Apr. 20, 1984) by failing to report his personal contacts with Soviet nationals.[2] Art. 92, Uniform Code of Military Justice, 10 USC § 892. After unsuccessfully challenging the constitutionality of this order at trial, appellant entered conditional pleas of guilty to the Charge and its specification. We hold that the regulation does not violate appellant's constitutional rights, so we affirm the decision below.

The uncontested facts may be briefly summarized: While acting as a Marine security guard at the U.S. Embassy in Moscow, appellant began seeing a woman identified as Anna Novikoff. Allegedly, she was an American student studying music at a Moscow university. Anna, who spoke Russian fluently, introduced appellant to

---

1. The issue here is:

   WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED IN AFFIRMING THE MILITARY JUDGE'S FAILURE TO DISMISS THE SPECIFICATION OF THE CHARGE WHERE THE REPORTING REGULATION REQUIRED APPELLANT TO INCRIMINATE HIMSELF.

2. In addition to the failure-to-report violation, appellant pleaded guilty unconditionally to dereliction of duty in allowing an unauthorized

foreigner to enter the United States Embassy after hours and to wrongfully handling classified documents, in violation of Article 92. A general court-martial with officer members sentenced appellant to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to E–1. The convening authority approved the sentence except for the confinement. The Court of Military Review affirmed the findings and the approved sentence. 31 MJ 701 (1990).

Ina, Sasha, and Oleg—Soviet citizens. Appellant continued his contacts with these Soviets on a weekly basis during the 8–month period of June 1985 until February 1986. Even though their communication was allegedly limited by the lack of linguistic ability of the Soviets in English and appellant in Russian, he chose to refrain from reporting these encounters to appropriate authorities. Appellant's failure to report his contact with these Soviets formed the basis of the Article 92 charge.

On April 2, 1987, at Quantico, Virginia, appellant was interrogated by Naval Investigative Service (NIS) agents about his knowledge of certain Marines with whom he served at the U.S. Embassy in Moscow.[3] During this investigation, appellant himself became suspected of criminal activity.[4] Upon questioning during the plea inquiry, he admitted his failure to report his contacts with Soviet nationals. Additionally, he acknowledged that he was quite familiar with the duty to report such contacts as is required by § 5–3, OPNAVINST 5510.1G. That paragraph requires:

1. Any form of contact, intentional or otherwise, with any citizen of a communist controlled country or country currently hostile to the United States must be reported to the Naval Investigative Service. The term "contact" means any form of encounter, association, or communication with any citizen of a communist controlled or hostile country, including contacts in person or by radio, telephone or letter, or other forms of communication for social, official, private or any other reason. Also report any visits to embassies, consulates, trade or press offices, or other official establishments of one of these countries, for any reason.

\* \* \*

4. Contacts and other associations with citizens of communist controlled or hostile countries are not, in themselves, wrong, against regulations or illegal. However, they must be reported to the Naval Investigative Service immediately after they occur for NIS to evaluate the contacts to protect the Department of the Navy from hostile intelligence activities. When contacts occur routinely or with great frequency, the Naval Investigative Service will advise as to any future reporting requirements....

The question is—Do the Fifth Amendment and Article 31(a), UCMJ, 10 USC § 831(a), which generally protect servicemembers against self-incrimination, obviate this reporting requirement?

On its face, the regulation appears to be neutral. A servicemember does not commit a crime by merely having an encounter with a citizen of a communist or hostile nation. *See United States v. Kauffman*, 14 USCMA 283, 298, 34 CMR 63, 78 (1963). The regulation addresses *all* contacts with such citizens, even inadvertent contacts. In addition, the regulation requires only that servicemembers notify the NIS of their contacts; it does not require admission of incriminating conduct with the nationals. Further, it appears that the primary purpose of the regulation was, as stated in the regulation: "[T]o protect the Department of the Navy from hostile intelligence activities." § 5–3.4, OPNAVINST 5510.1G. It was not designed as a means of obtaining incriminating admissions. Thus, there appears to be no constitutional infirmity with the regulation on its face. *See California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); *Steinbrecher v. Commissioner of Internal Revenue*, 712 F.2d 195 (5th Cir.1983).

Appellant contends, however, that reporting the contacts would inevitably have incriminated him under a different provision—Marine Security Guard Battalion

---

**3.** Initially, the government questioning was focused on appellant's knowledge of the activities of Sergeant Clayton Lonetree, who had served with appellant at the U.S. Embassy in Moscow. *See United States v. Lonetree*, 31 MJ 849 (NMCMR 1990) (*en banc*), *remanded*, 35 MJ 396

(CMA 1992). None of the issues involved in *Lonetree* are in the instant case.

**4.** He was advised of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831, which he waived.

Company Order 5000.4E. That order provided in paragraph 4:

Members of this command will not fraternize with foreign nationals of either sex from any of the following countries: Bulgaria, Rumania, Hungary, Czechoslovakia, Poland, Russia (U.S.S.R.), Yugoslavia, or the occupied city of East Berlin.

Appellant's argument fails, however. As appellant himself conceded, his initial encounter with the Soviets was inadvertent and nonsubstantive. Upon failing to report this *initial* contact, he violated OPNA-VINST 5510.1G, long before fraternization developed. Even if some form of fraternization had occurred at this initial contact, appellant would still be required to report the contact, but not the misconduct. *See United States v. Kauffman, supra.* This case is unlike *United v. Medley*, 33 MJ 75, 77–78 (CMA 1991), and *United States v. Heyward*, 22 MJ 35, 37 (CMA); *cert. denied*, 479 U.S. 1011, 107 S.Ct. 656, 93 L.Ed.2d 701 (1986), which did not involve the requirement merely to report contact with others but, rather, involved the requirement to report the substantive, underlying misconduct of others.

Thus, we are satisfied in general that the Navy regulation requiring members to report contacts does not impose an unconstitutional requirement. Analogous to the tax-reporting cases and the "hit and run" automobile-accident-reporting cases, the contact disclosure is not testimonial, and it does not signify any criminal occurrence. *California v. Byers* and *Steinbrecher v. Commissioner of Internal Revenue*, both *supra.* We are also satisfied, under the particular facts of this case, that appellant's duty to report his Soviet contacts did not infringe upon his rights against self-incrimination.

The decision of the United States Navy–Marine Corps Court of Military Review, 31 MJ 701, is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.