UNITED STATES, Appellee,

v.

Michael E. DUPREE, Staff Sergeant
U.S. Air Force.

No. 54,957.
ACM S26894.

U.S. Court of Military Appeals.

July 27, 1987.

For Appellant: *Major Deborah A. Baker* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Lieutenant Colonel Barret E. Kean,* USAFR (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel*

**320**

Robert E. Giovagnoni (on brief); Colonel Kenneth R. Rengert.

## Opinion of the Court

SULLIVAN, Judge:

In August and September 1985, appellant was tried by a specialcourt-martial at Mac-Dill Air Force Base, Florida. In accordance with his pleas, he was found guilty of drinking intoxicating liquor with prisoners under his charge, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Contrary to his pleas, the members also found him guilty of dereliction of duty by failing to report and prevent marijuana use by those same prisoners,[1] in violation of Article 92(3), UCMJ, 10 U.S.C. § 892(3). His sentence of bad-conduct discharge and reduction to the lowest enlisted grade was approved by the convening authority and affirmed by the Court of Military Review.

We granted appellant's petition for review to consider the following issue:

WHETHER APPELLANT'S CONVICTION UNDER SPECIFICATION 2, CHARGE II FOR DERELICTION OF DUTY BY FAILING TO REPORT MARIJUANA USE BY PRISONERS CAN BE AFFIRMED WHEN THE DRUG ABUSE OCCURRED WHILE APPELLANT WAS ALLEGEDLY DISOBEYING AN ORDER TO RETURN THE PRISONERS TO CONFINEMENT AND REPORTING IT WAS INCONSISTENT WITH HIS COUNSEL'S ADVICE TO REMAIN SILENT.

We hold that appellant's conviction for dereliction of duty for failing to report these offenses cannot be sustained under the circumstances of this case. See generally United States v. Rosato, 3 U.S.C.M.A. 143, 147, 11 C.M.R. 143, 147 (1953). However, an additional question remains whether his conviction for this offense should be sustained on the basis of his failure to prevent this drug use. See generally United States v. Parker, 3 U.S.C.M.A. 541, 547–48, 13 C.M.R. 97, 103–04 (1953). Further consideration of this question by the Court of Military Review in light of United States v. Thompson, 22 M.J. 40 (C.M.A. 1986), a decision issued subsequent to that court's opinion in this case, is appropriate.

The record reflects that in early June 1985 appellant was assigned as manager of a dormitory for enlisted personnel. On the fourth, fifth, and sixth days of that month, his squadron first sergeant arranged for prisoners from the local correctional center to work for him at that building. On the first day noted above, the first sergeant signed for custody of the prisoners and in turn ordered appellant to directly supervise their work. The first sergeant specifically informed appellant of restrictions on the liberty of the prisoners, including the fact that they had to be back in confinement by 1630 and were not to leave MacDill Air Force Base or to consume alcoholic beverages. On the second day, appellant picked them up, and he was reminded of his earlier instructions by the first sergeant.

On June 6, 1985, appellant directly signed for custody of the prisoners. About 1610 he asked his first sergeant if he could have the remainder of the duty day off. The first sergeant directed him to return the prisoners to the confinement facility prior to leaving. Shortly thereafter, appellant was notified by his uncle that his off-base residence might have been burglarized. Gathering the two prisoners, he headed for his quarters in his personal vehicle, a pickup truck. Enroute he stopped and allowed one of the prisoners, Airman James, to purchase some beer.

Appellant subsequently secured his house, which in fact had not been entered, and began to return to the base with the prisoners. On the way, they spotted two females who were hitchhiking. The girls joined the group, and more beer was purchased for the purpose of having a party on a nearby beach. At the beach, both appellant and the prisoners drank some of the beer. After unsuccessfully attempting to engage one of the women in conversation, appellant walked away from the

1. Appellant's proffered pleas to this offense were found improvident by the military judge.

group. When he returned, he noticed the aroma of burning marijuana and saw the prisoners and the girls passing around a cigarette which he assumed to be marijuana. To improve his possible future relationship with one of the girls, appellant did nothing to interfere with this activity.

The group then returned to appellant's vehicle. After some driving around on the beach, they began to return to the base. At the gate, appellant was hailed by the gate guard. He was immediately directed by the guard to sit in his vehicle and await the arrival of the security police. Shortly thereafter, SSgt Henderson of the security police arrived. Henderson asked appellant where he had been and if he was aware that he was required to return prisoners to the confinement facility prior to 1630. Appellant replied in the negative. Henderson then told appellant that he should not make any further statements and advised him of his rights under Article 31, UCMJ, 10 U.S.C. § 831.

According to appellant's trial testimony, he was originally advised only that he was suspected of failing to obey an order, drinking liquor with prisoners, being drunk on duty, and drunk driving. In an interview conducted about 2 hours after the original stop, appellant was also advised that he was suspected of the use of marijuana. At no time was he informed that he was a suspect in the offense of dereliction of duty by reason of his failure to report the use of a substance by the prisoners under his control.

Appellant also admitted he believed that he had a specific duty as a noncommissioned officer to report drug abuse. He expressly recognized its origins in various Air Force Regulations which outlined his general responsibility to correct his subordinates and to enforce Air Force standards. However, he contended that he did not report the marijuana use by the prisoners under his supervision because initially he did not have time and later because of his right against self-incrimination.

Appellant was found guilty of the following offense under Article 92:

Specification 2: In that STAFF SERGEANT MICHAEL E. DUPREE, United States Air Force, 56 Supply Squadron, at or near MacDill Air Force Base, Florida, on or about 6 June 1985, having knowledge of his duties, was derelict in the performance of those duties in that he willfully failed to prevent and report the use of marijuana, a Schedule I controlled substance, by prisoners Eugene J. Inforzato and Willard E. James, as it was his duty to do.

The granted issue asks whether appellant may be lawfully found guilty of dereliction of duty for failing to report the offenses of others under circumstances of this case. Here, it is uncontroverted that the prisoners' marijuana use was inextricably intertwined with appellant's misconduct in taking these prisoners off base, his consumption of alcohol with them, and his failure to return them at a proper time.

We note that appellant was not found guilty of the offense of using marijuana; for that matter, he was not even charged with this offense. Accordingly, the inconsistent-findings rationale of *United States v. Heyward*, 22 M.J. 35, 37 (C.M.A.1986), is not strictly applicable. *United States v. Thompson, supra*, 22 M.J. 40. *See United States v. Reed*, 24 M.J. 80 (C.M.A.1987). However, appellant was advised that he was suspected of using marijuana as well as other offenses during his excursion with these prisoners. Clearly, it was reasonable for him to expect that his report on the prisoners would necessarily incriminate him in all these crimes. *See United States v. Ruiz*, 23 U.S.C.M.A. 181, 182, 48 C.M.R. 797, 798 (1974). Accordingly, his conviction for dereliction of duty based on his failure to report these offenses cannot stand. *See generally United States v. Armstrong*, 9 M.J. 374, 375 (C.M.A.1980); *United States v. Rosato, supra*, 3 U.S.C.M.A. 143, 11 C.M.R. 143.

An additional question remains whether appellant may be found guilty of derelic-

tion of duty simply on the basis of his failure to prevent marijuana use by these prisoners. *See generally United States v. Thompson, supra.* This question arises because the duplicitous nature of this dereliction specification was not challenged by appellant at trial. Accordingly, the sufficiency of the remainder of the specification must be considered. *See United States v. Parker,* 3 U.S.C.M.A. at 547–48, 13 C.M.R. at 103–04.

■■■ It was established at trial that Inforzato and James were military prisoners. It was also established that appellant was informed that these prisoners were to work under his supervision. The prisoner-guard relationship implies as a matter of common sense the duty of the guard or escort to restrain the prisoner from additional illegal acts. *See generally United States v. Acosta-Vargas,* 13 U.S.C.M.A. 388, 391, 32 C.M.R. 388, 391 (1962). However, trial counsel expressly stated at trial that this dereliction-of-duty charge did not stem from appellant's duties as a prisoner-escort.[2] Accordingly, we cannot affirm the conviction on this basis.

2. Defense Exhibit A for ID was a copy of a blank 56 CSG/SPOD Letter, Receipt and Rules for Prisoner Escort. It specifically provides that an escort is not to "allow prisoners to ... [c]onsume intoxicants of any kind." The Government's objection to admission of this evidence on relevance grounds was sustained. Apparently, appellant was not provided with this form, and he did not sign it.

3. Article 7(c), Uniform Code of Military Justice, 10 U.S.C. § 807(c), should also be considered. It states:

(c) Commissioned officers, warrant officers, petty officers, and noncommissioned officers have authority to quell quarrels, frays and disorders among persons subject to this

■■■ Instead, the Government asserted that appellant's duty to prevent marijuana use by these servicemembers stemmed from his customary duties as a noncommissioned officer and as implied in service drug regulations. Defense counsel in this case conceded that servicemembers may not use contraband drugs and that noncommissioned officers are responsible for enforcing this prohibition as well as other regulations. Yet, dicta in *United States v. Thompson, supra* at 41, raised questions whether a clear-cut duty to prevent crime may be established in a similar context. While such dicta is not controlling, consideration of this question by the Court of Military Review in light of the issues raised in *Thompson* is appropriate.[3]

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to that court for further review.

Chief Judge EVERETT and Judge COX concur.

chapter and to apprehend persons subject to this chapter who take part therein.
This statutory provision is not new and reflects the traditional duty of a noncommissioned officer to prevent disorders within the ranks. *See* W. Winthrop, *Military Law and Precedents* 589 nn.6 and 7 (2d ed. 1920 Reprint). Use of marijuana by alcohol-consuming military prisoners on a work detail in the company of civilian females would appear to be a serious disorder requiring immediate preventive action by their supervising noncommissioned officer. *See generally United States v. Nelson,* 17 U.S.C.M.A. 620, 622–23, 38 C.M.R. 418, 420–21 (1968). The disorder approach to this issue was not considered in *United States v. Thompson,* 22 M.J. 40 (C.M.A.1986).