DeCICCO, Judge:
This case involves the conflict between a servieemember’s obligation under a general regulation to report offenses which come un *920 der his or her observation and that service-member’s right against self-incrimination. Under the facts of this case, we find that appellant was properly convicted of fading to report offenses and affirm.
Pursuant to his gudty pleas, appellant stands convicted of violating a lawful general regulation, making a false official statement to an investigator, and assault in violation of Articles 92, 107 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907 and 928. He was sentenced by the military judge to receive a bad-conduct discharge, to be confined for 100 days, and to forfeit $350.00 pay per month for 5 months. The sentence, which did not exceed the limits of the pretrial agreement, was approved by the convening authority. Appedant was also charged with two specifications of attempted larceny, attempting to break restriction and theft of an automobde, but these charges were withdrawn by the Government at trial in accordance with the pretrial agreement.
During the providence inquiry, appellant related the following to the military judge. After a talent show at Naval Station, Norfolk, Virginia, appellant and three other sailors, Sistrunk, Barger, and Perez, were standing in the parking lot behind a building when a man came by who made racially-related statements to the group. This caused a fight to break out in which appellant hit and kicked the man who made the racial statements. After the assault, appellant and Perez ran away. Later that night, appellant observed Sistrunk driving a white Saturn automobile. Appellant heard Sistrunk boasting about having “jacked” the car, meaning he had “ear-jacked” or stolen the automobile. Sistrunk, Perez and appellant later went to Naval Air Station, Oceana. Perez and Sis-trunk went up to an automated teller machine (ATM) and said they had to get some money because they were about to go to the base club. Appellant thought they were withdrawing money from their own accounts, but realized something was wrong when they took a long time at the ATM. When Perez and Sistrunk got back in the car, appellant saw the name on the ATM card and realized that it did not belong to his friends. Appellant admitted to watching them go to the machine and attempt to obtain the money. Perez and Sistrunk were also unsuccessful at withdrawing money at a second ATM at another bank located off the base. The card they were using belonged to a sailor named Staples. Appellant later learned that the sailor they had assaulted and the owner of the stolen vehicle was also Petty Officer Staples.[1]
Appellant admitted that following these events he realized that Sistrunk had stolen a car and that Perez and Sistrunk had attempted to steal money from the ATM machines. Appellant also admitted never reporting these offenses to anyone in authority. The military judge then explained to appellant that one of the exceptions to the requirement to report offenses was that there is no obligation to report offenses in which one is criminally involved. Appellant stated that he was not involved in the theft of the car or the attempts to steal currency from the ATM machines and never shared a common purpose or intent to steal. The military judge then accepted appellant’s guilty plea to failing to report the offenses - as required by Article 1137, U.S. Navy Regulations (1990).
Citing United States v. Lee, 25 M.J. 457 (C.M.A.1988), United States v. Dupree, 24 M.J. 319 (C.M.A.1987) and United States v. Heyward, 22 M.J. 35 (C.M.A.1986), cert. denied, 479 U.S. 1011, 107 S.Ct. 656, 93 L.Ed.2d 710 (1986), appellant asserts[2] that we must set aside his conviction of the violation of Article 92, UCMJ, because he should not be convicted for fading to report offenses (larceny and attempted larceny) when disclosure of those offenses would inextricably link *921 him to another offense (the assault) in which he participated. He requests us to reassess the sentence and set aside the bad-conduct discharge. The Government argues that Dupree is not applicable and that the more recent decision by the U.S. Court of Military Appeals in United States v. Medley, 33 M.J. 75 (C.M.A.1991), cert. denied,-U.S.-, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992), is more similar to the facts in this case.
Under the former 1973 version of U.S. Navy Regulations, Article 1139 stated: “Persons in the Department of the Navy shall report to proper authority offenses committed by persons in the Department of the Navy which come under their observation.” In 1990, the Secretary of the Navy promulgated revised U.S. Navy Regulations. Former Article 1139 became new Article 1137 which now states:
Persons in the naval service shall report as soon as possible to superior authority all offenses under the Uniform Code of Military Justice which come under their observation, except when such persons are themselves already criminally involved in such offenses at the time such offenses first come under their observation.
We view the 1990 revision as an action to incorporate protections against compulsory sett-incrimination and allay concerns noted in United States v. Reed, 24 M.J. 80 (C.M.A.1987) and United States v. Tyson, 2 M.J. 583 (N.C.M.R.1976). The regulation now expressly eliminates a reporting requirement in instances where a person is already criminally involved in offenses he would otherwise be required to report. This article is a part of U.S. Navy Regulations, Chapter 11, entitled “General Regulations” and is a lawful exercise of the Secretary’s authority under 10 U.S.C. § 6011. Servicemembers within the Department of the Navy who violate these general regulations are liable to criminal prosecution under Article 92, UCMJ. The basic reporting requirement contained in Article 1137 is valid and permissible. See Heyward at 37 (construing a failure to report as a dereliction of duty).
In Heyward and United States v. Thompson, 22 M.J. 40 (C.M.A.1986), the Court held that servicemembers cannot be convicted of both using drugs and failing to apprehend or report others joining them in the same drug usage. These holdings were based on the members’ right against sett-incrimination embodied in the Fifth Amendment to the U.S. Constitution and Article 31, UCMJ, 10 U.S.C. § 831. But the Court also noted in Heyward that it may be warranted in certain eases, as was done here, to charge an accused with both the offense and the failure to report that offense due to contingencies of proof. The main point, however, is that a conviction of both cannot stand.
In Dupree, after having taken lawful custody of prisoners, the accused allowed them to obtain beer and pick up female hitchhikers. They all went to the beach where appellant and the prisoners drank some beer. Appellant later left the group and upon his return he noticed the aroma of burning marijuana and saw the prisoners and their female companions smoking a cigarette that he presumed was marijuana. In addition to his conviction for drinking with the prisoners, Dupree was also found guilty of dereliction of duty in failing to report and prevent marijuana use by the prisoners. The Court of Military Appeals held that the conviction for dereliction of duty could not stand because the marijuana use was “inextricably intertwined” with the other misconduct in taking the prisoners off-base and consuming alcohol with them. Dupree at 321. It was reasonable for him to have expected that his report on the prisoners would have necessarily incriminated him in all of the crimes. Id.
However, a few years later in Medley, the Court refused to extend the Heyward rule. There, the appellant was present at a number of parties where illegal drugs were used. The military judge instructed the members that appellant could not be convicted of failing to report drug use by her fellow service-members for any occasion when she herself participated in the use of drugs. She was charged with both wrongful use of drugs and failing to report the use of drugs on various occasions. With respect to one occasion, the members convicted her of wrongful use and acquitted her of dereliction. With respect to another occasion, she was acquitted of wrongful use and convicted of dereliction. *922 The Court rejected her challenge to the dereliction conviction. She had argued that the drug activities of her social group were so interrelated that it was impossible for her to report one drug use by the others without inevitably incriminating herself for drug use on other occasions. In rejecting her argument, the Court stated that “the possibility of touching off a chain reaction that might come back to bite her is not the litmus test for self-incrimination.” Medley at 77.
We agree with the Government that Medley is controlling in this case. Appellant was not compelled to report his own illegal act of assault, but only the illegal acts of others of larceny and attempted larceny.. Appellant could have disclosed to proper authorities what he saw and heard regarding the theft of the car and the attempted thefts of currency without incriminating himself in the assault. Had he walked into the office of such authorities the next day and reported that Sistrunk had stolen an automobile and that Perez and Sistrunk had tried to steal the currency by using another’s ATM card, he could have done so. The next logical step would be for authorities to summon Sistrunk and Perez for questioning. If these two individuals decided to answer the investigators’ questions and tell all, they would have said that they stole the automobile and tried to steal the money from the ATMs. The investigator would then ask them how they came into possession of the automobile’s keys and the ATM card and they would have then admitted assaulting Staples and possibly identifying others involved in the fight. Therefore, it was most likely that the reporting of the assault would have come from persons other than the appellant.
Under this scenario, there was a possibility that appellant’s disclosure of the larceny and attempted larcenies would have ultimately led investigators to learn of his role in the assault by questioning Sistrunk, Perez and Berger. But, knowledge of his role did not have to come from appellant’s mouth, and the assault was not so intertwined with the other offenses so as to fall under the rule in Dupree. As stated in Medley, the possibility that reporting the theft and attempted thefts might “come back to bite” appellant for the assault is not the litmus test for self-incrimination. Appellant stated he was not involved in the larceny or attempted larcenies and did not share any criminal intent or plan to steal. We also find no indication in the record that he was a principal or an accessory to these offenses.
. [4] Moreover, appellant made an election by his pleas between pleading guilty to the theft-related offenses and the failure to report them, and we will hold him to his choice. Based on contingencies of proof, the Government properly charged him with both the theft-related offenses and violating the general regulation requiring him to report those offenses. He chose to negotiate a pretrial agreement in which he pled guilty to violating the general regulation and not guilty to the theft-related offenses. Pursuant to the agreement, the Government withdrew the larceny and attempted larceny charges upon acceptance of the guilty plea to the failure to report. Therefore, in accordance with the rule in Heyward, appellant has not been convicted of both, and his plea can stand. We find that the military judge properly accepted appellant’s guilty pleas and that there is no substantial basis in law or fact for questioning the plea. United States v. Prater, 32 M.J. 433 (C.M.A.1991).
Accordingly, the findings and sentence, as approved on review below, are affirmed.
Senior Judges REED and ORR concur.

. It is unclear from the record exactly how much later appellant realized this. But it is sufficiently clear that at the time of the larceny of the automobile and of the attempted larcenies of currency, appellant did not know that they involved the same person who had been assaulted.

. APPELLANT MAY NOT BE CONVICTED FOR FAILURE TO REPORT OFFENSES WHEN THOSE OFFENSES WERE COMMITTED BY THE SAME PEOPLE WHO HAD JOINED HIM IN ASSAULTING THE SAME VICTIM EARLIER THE SAME EVENING SUCH THAT THE UNREPORTED OFFENSES WERE INEXTRICABLY LINKED TO THE EARLIER ASSAULT.