ERDMANN, Judge
(dissenting):
The majority finds no substantial basis in law or fact to question the sufficiency of Corporal (CPL) Simmons’ plea under the first element of Article 77, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 877 (2000), dealing with criminal liability as a principal for an offense committed by another. See Manual for Courts-Martial, United States pt. IV, para. l.b.(2)(b)(i) (2005 ed.) (MCM). The majority ultimately finds that the plea is improvident as the plea inquiry failed to establish the requisite shared intent under the second element of Article 77, UCMJ. See id. para. l.b.(2)(b)(ii). Under the circumstances of this guilty plea case, I agree that the record establishes Simmons’ duty to act and that the providence inquiry is adequate as to the first element of Article 77, UCMJ. I further conclude that the record is adequate to support Simmons’ plea with respect to the second element of Article 77, UCMJ, which requires a shared criminal purpose or design.
This specification arose from an assault committed by CPL Schuknecht on Private First Class (PFC) Whetstone in Simmons’ presence. As a result of that incident Simmons was charged with assault consummated by a battery under an aiding and abetting theory. This charge relied on the theory that Simmons, as a corporal, had a legal duty to intervene and stop the assault because he was a noncommissioned officer in Whetstone’s platoon.
In order to establish liability under an aiding and abetting theory under Article 77, UCMJ, two elements must be established: (1) that the defendant assisted, encouraged, advised, instigated, counseled or commanded the commission of an offense; and (2) that the defendant shared the criminal purpose or design of the perpetrator. Id. para. l.b.(2)(b); United States v. Gosselin, 62 M.J. 349, 351-52 (C.A.A.F.2006). Generally, mere presence at the scene of a crime or the failure to prevent the commission of a crime is not enough to make one a principal to the offense under Article 77, UCMJ. Id. para. 1.b.(3)(b). However, where there is a clear duty to act, inaction that is “intended to and does operate as an aid or encouragement to the actual perpetrator” may make one liable under Article 77, UCMJ, as a principal. Id. para. l.b.(2)(b); see also United States v. Shearer, 44 M.J. 330, 335 (C.A.A.F.1996).
At the providence inquiry Simmons admitted without qualification that he had a duty and knew he had a duty to intervene. As this court said in Shearer:
Appellant himself admitted that he had a duty and knew he had a duty to report Fireman Atwood’s identity as the driver of the vehicle involved in the accident to the Japanese. “Post-trial speculation” as to the precise source of this duty need not be “countenanced” at this late stage of the proceedings. See United States v. Harrison, 26 M.J. 474, 476 (C.M.A.1988). Moreover, the prosecution may have been induced by the defense to plea to forgo presenting its entire ease concerning appellant’s duty to report accidents in this foreign country. See United States v. Burnette, 35 M.J. 58, 60 (C.M.A.1992[]); see generally United States v. Dupree, 24 M.J. 319, 322 (C.M.A.1987).
44 M.J. at 335. I have reservations about the existence of a clear legal duty to intervene under such circumstances and I do not view this ease as conclusively establishing such a duty.[1] However, as this is a guilty *97 plea there is no legal basis upon which to question Simmons’ factual recitation with respect to his duty to intervene in the assault.
I do not agree with the majority’s conclusion that the facts as set forth by Simmons fail to establish the second element of Article 77, UCMJ. Simmons admitted that the elements as described by the military judge correctly described what happened with respect to this offense. The military judge explained that in order to be guilty Simmons had to “participate in the commission of the crime as something that he or she wishes to bring about, and must aid, encourage, or incite the person to commit the criminal act.” Simmons was told that his presence would make him a principal to the offense if he had “an intent to aid or encourage the person who commit[s] the crime” or if he failed to perform a duty to interfere in order to “protect or encourage” CPL Schuknecht.
Article 77, UCMJ, can be satisfied by inaction where there is a duty to act and the inaction “is intended to or does operate as an aid or encouragement to the actual perpetrator.” MCM pt. IV para. l.b.(2)(b)(ii). The majority finds that “CPL Schuknecht’s actions were too spontaneous and too quick” to infer that Simmons shared intent in this case. That conclusion is at odds with Simmons’ own words. The providence inquiry reflects that the assault lasted “about ten seconds.” While on review this might not appear to be an extensive period, Simmons was there and said that he “had time to step in, sir; but I did not.” Rather than taking any steps pursuant to his duty, Simmons “just sat there and watched.” I find no basis in this record to second-guess Simmons’ own words.
Simmons agreed when the military judge asked if the elements the military judge had described, including that he wanted to bring about the commission of the assault, correctly described what happened. Later, in response to a question from the military judge as to how he actively encouraged CPL Schuknecht to assault PFC Whetstone, Simmons responded “[b]y not doing anything, sir.” Taken in context with the military judge’s explanation of the offense, Simmons’ statements of fact clearly support an inference that he shared the criminal design or purpose in this instance.
Simmons’ providence inquiry reflects that: (1) he had a duty to act; (2) he saw the assault that lasted about ten seconds; (3) he had the opportunity to intervene but did not do so; (4) he merely sat and watched the assault; and (5) he admitted his inaction encouraged the assault. In my view, the providence inquiry adequately establishes both elements of Article 77, UCMJ, and there is no substantial basis in law or fact to question the providence of this plea. While I may not find a duty to intervene or shared criminal intent in other circumstances, I find no basis to dispute or contest Simmons’ direct factual statements in support of this plea. I would affirm the Court of Criminal Appeals and therefore respectfully dissent.

. There may well be a custom in the Marine Corps that a noncommissioned officer has a legal duly to intervene in every situation where a subordinate enlisted member is subject to an assault. However, that custom may not exist in every situation and I question whether it is capable of *97 accurate and ready determination by a twenty-one-year-old corporal in the Marine Corps without further instruction by the military judge. Military judges would be well advised to identify this legal duty and inform an accused as to the nature and scope of this legal duty so that the accused can make an informed decision as to whether that duty applied to him in a given situation.