UNITED STATES, Appellant

v.

David W. SERIANNE, Chief Aviation Electrician's Mate
U.S. Navy, Appellee

No. 10-5001

Crim. App. No. 200900330

United States Court of Appeals for the Armed Forces

Argued March 2, 2010

Decided May 4, 2010

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Captain Robert E. Eckert Jr., USMC (argued).


For Appellee:  Lieutenant Michael Maffei, JAGC, USN (argued).


Military Judges:  Bruce W. Mackenzie and Paul M. Gamble


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Serianne, No. 10-5001/NA

Chief Judge EFFRON delivered the opinion of the Court.

This case arises out of an interlocutory Government appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2006), in a pending special court-martial. At this stage in the proceedings, the pending charges include one specification of dereliction of duty in violation of Article 92, UCMJ, 10 U.S.C. § 892 (2006), and two specifications of drunken operation of a vehicle in violation of Article 111, UCMJ, 10 U.S.C. § 911 (2006). The parties have not made opening statements, and no evidence has been offered on the merits.

I.   BACKGROUND

A.   COURT-MARTIAL PROCEEDINGS

The charge at issue on appeal, dereliction of duty, alleged that Appellee "was derelict in the performance of [his] duties in that he willfully failed to report his 3 February 2009 arrest for driving under the influence of alcohol, as it was his duty to do." In a pretrial proceeding, the Government relied on a service Instruction, Dep't of Navy, OPNAVINST 5350.4C, Drug and Alcohol Abuse Prevention and Control (Dec. 8, 2005), as the source of the self-reporting duty at issue. At the time of the charged offense, paragraph 8.n. of the Instruction stated:

> Members arrested for an alcohol-related offense
> under civil authority, which if punished under the
> UCMJ would result in a punishment of confinement for

2

> 1 year or more, or a punitive discharge or dismissal from the Service (e.g., DUI/DWI), shall promptly notify their CO. Failure to do so may constitute an offense punishable under Article 92, UCMJ.

Appellee moved to dismiss the charge on the grounds that the self-reporting requirement violated his self-incrimination rights under the Fifth Amendment to the Constitution and Military Rule of Evidence (M.R.E.) 301(a). The military judge granted the defense motion and dismissed the dereliction charge on the grounds that the self-reporting requirement violated Appellee's self-incrimination rights. In his written ruling on the motion, the military judge also noted the conflict between the self-reporting requirement in the Instruction and the service-specific self-incrimination protections in Article 1137 of the United States Navy Regulations (1990). Article 1137 provides:

> Persons in the naval service shall report as soon as possible to superior authority all offenses under the Uniform Code of Military Justice which come under their observation, except when such persons are themselves already criminally involved in such offenses at the time such offenses first come under their observation.

### B. CONSIDERATION BY THE NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS

The Government filed an interlocutory appeal with the United States Navy-Marine Corps Court of Criminal Appeals under Article 62, UCMJ, asking the court to overturn the military judge's ruling. The Court of Criminal Appeals considered the appeal en

banc and affirmed the decision by the military judge to dismiss the charge.  United States v. Serianne, 68 M.J. 580 (N-M. Ct. Crim. App. 2009).  The court discussed the self-incrimination implications of self-reporting in considerable detail, focusing on the "regulatory exception" to the privilege against self-incrimination.  The court stated that the regulatory exception applies:

> when the constitutional interests of the individual must be balanced with the public need and instructs that "[t]he Fifth Amendment is not violated when the Government is allowed 'to gain access to items or information vested with . . . [a] public character.'"  [United States v.] Oxfort, 44 M.J. [337,] 340-41 [(C.A.A.F. 1996)] (quoting Baltimore City Department of Social Services v. Bouknight, 493 U.S. 549, 557 (1990)); see also California v. Byers, 402 U.S. 424, 427-28 (1971).

Id. at 584 (ellipsis and first two bracketed interpolations in original).  The court added that the regulatory exception reflects the principle that "'[i]f the Government requires documents to be kept for a legitimate administrative purpose, neither the content nor the act of production of these documents are protected by the Fifth Amendment.'"  Id. (alteration in original) (quoting United States v. Swift, 53 M.J. 439, 453 (C.A.A.F. 2000)).  The court concluded that the Instruction was punitive rather than regulatory in nature, compelling an incriminatory testimonial communication.  Id.  As such, the

4

court concluded that the Instruction could not be sustained as a regulatory exception.  Id.

In addition to addressing the constitutional issue, the court also addressed the issue raised by the military judge concerning the relationship between the Instruction and Article 1137 of the United States Navy Regulations:

> We also note that the disclosure requirement of OPNAVINST 5350.4C, ¶ 8n, is inconsistent with superior competent authority. . . . This court has previously held that the reporting requirement of Article 1137 [of the United States Navy Regulations] is "valid and permissible," basing that conclusion on the fact that it "eliminates a reporting requirement in instances where a person is already criminally involved in offenses he would otherwise be required to report."  United States v. Bland, 39 M.J. 921, 923 (N.M.C.M.R. 1994).

Id. at 584-85.

Two judges concurred in the result with separate opinions. Chief Judge Geiser concluded that the reporting requirement was void for vagueness to the extent that it required a servicemember to report arrests that "would result" in punishment under the UCMJ for more than one year.  Id. at 585 (stating that it was unreasonable to require servicemembers "to divine what 'would result' if the case were punished at court-martial").  Chief Judge Geiser did not concur in the majority's holding on the self-incrimination privilege.  Id. at 585-86.  He viewed the privilege as applying only to "actual evidence of misconduct or information which would directly reveal evidence

that was not otherwise known," and, in his view, the arrest record should be viewed as an accusation and not as evidence covered by the privilege.  Id. at 586.

Judge Beal, who also wrote separately, agreed with Chief Judge Geiser's view that the Instruction was unconstitutionally vague.  Id.  He disagreed, however, with both the majority and Chief Judge Geiser regarding the self-incrimination aspects of the reporting requirement.  He took the position that a properly drafted self-reporting requirement could serve a "legitimate administrative purpose."  Id.  In that context, he concluded that a person could be prosecuted for dereliction of duty under Article 92 for failing to self-report a drunk driving offense. Id.  In his view, the self-incrimination problem applied not to the Article 92 offense (dereliction of duty in failing to report the offense), but instead applied to any prosecution for the underlying drunk driving offense under Article 111.  Id.  From his perspective, if the servicemember self-reported a drunk driving arrest and the self-reported information provided the sole evidence on the drunk driving charge under Article 111, the self-incrimination privilege would preclude prosecution for that offense.  Id.  During oral argument the Government called our attention to the fact that the issuing authority, subsequent to Appellee's trial, modified the self-reporting requirement in the Instruction.  In the Government's view, the modification

resolves the vagueness issue with respect to future cases,
recognizing that the modification does not moot the issue in the
present case.

## II.  THE CERTIFIED ISSUES

The Judge Advocate General of the Navy certified the
following issues for our review under Article 67(a)(2), UCMJ, 10
U.S.C. § 867(a)(2) (2006):

I.   WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL
     APPEALS ERRONEOUSLY HELD THAT THE DUTY IMPOSED ON
     SAILORS BY CHIEF OF NAVAL OPERATIONS INSTRUCTION
     5350.4C TO NOTIFY THEIR COMMANDING OFFICER OF AN
     ARREST BY CIVIL AUTHORITY FOR AN ALCOHOL-RELATED
     OFFENSE COMPELLED A TESTIMONIAL COMMUNICATION
     THAT WAS INCRIMINATING.

II.  WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL
     APPEALS ERRONEOUSLY HELD THAT NO EXCEPTION TO THE
     FIFTH AMENDMENT SELF-INCRIMINATION CLAUSE,
     INCLUDING THE REGULATORY EXCEPTION DEVELOPED IN
     CALIFORNIA v. BYERS, APPLIES TO THE REPORTING
     REQUIREMENT IN CHIEF OF NAVAL OPERATIONS
     INSTRUCTION 5350.4C.

For the reasons set forth below, we conclude that the
military judge did not err in dismissing the dereliction of duty
charge under the circumstances of this case.

## III.  DISCUSSION

The majority and separate opinions at the Court of Criminal
Appeals addressed both the constitutionality and interpretation
of the Instruction, issues of law that we consider under a de

novo standard of review.  See United States v. Wright, 53 M.J. 476, 478 (C.A.A.F. 2000).  In determining whether to decide the present case on constitutional or nonconstitutional grounds, we may take into account the nonconstitutional regulatory matter discussed by the court below -- the relationship between the self-reporting requirement in the Instruction and the exclusion from self-reporting provided in Article 1137 of the United States Navy Regulations.  Serianne, 68 M.J. at 584-85; see United States v. Simmons, 38 M.J. 376, 380 (C.M.A. 1993) (citing Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346-48) (Brandeis, J., concurring) (noting that a court need not resolve a constitutional question, even if properly presented, "if there is also present some other ground upon which the case may be disposed of").

The court below in the present case observed that it had addressed the validity of Article 1137 of the United States Navy Regulations in United States v. Bland, 39 M.J. 921, 923 (N.M.C.M.R. 1994) (sustaining Article 1137 on the grounds that the regulation had eliminated a self-reporting requirement for a person involved in offenses the person would otherwise be required to report).  Serianne, 68 M.J. at 585.  The court described Article 1137 as "superior competent authority" over the Instruction, and further described the reporting requirement in the Instruction as "inconsistent" with the exclusion provided

in higher authority, the United States Navy Regulations.  Id. at 584.

We agree with the interpretation of the applicable rules set forth in Bland and restated by the court below in the present case.  We note that Bland has not been overruled, and Article 1137 has not been changed in pertinent regard.  The lower court's description of Article 1137 as "superior competent authority" is consistent with Article 0103 of the United States Navy Regulations, which states that the United States Navy Regulations serve as "the principal regulatory document of the Department of the Navy," and specifically states that "[o]ther directives issued within the Department of the Navy shall not conflict with, alter or amend any provision of Navy Regulations."  The self-reporting requirement in the Instruction did not provide Appellee with the rights afforded by a superior competent authority, Article 1137.  As such, the Instruction did not provide a legal basis for finding Appellee derelict in the performance of a required duty, and the military judge did not err in dismissing the charge.  We base that decision on the nonconstitutional, regulatory ground discussed by the military judge and the court below, without reaching the constitutional questions otherwise noted in this appeal.

IV.  DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.  We remand the record of trial to the Judge Advocate General of the Navy for return to the military judge for further proceedings consistent with this opinion.