# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class PAUL BEARDEN, JR.**
**United States Army, Appellant**

ARMY 20110754

Headquarters, V Corps
Christopher T. Fredrikson and Wendy P. Daknis, Military Judges
Lieutenant Colonel Matthew Miller, Acting Staff Judge Advocate (pretrial)
Colonel Mark D. Maxwell, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Richard E. Gorini, JA; Captain James P. Curtain, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Kenneth W. Borgnino, JA (on brief).

31 October 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to commit assault consummated by battery and of assault with a means likely to produce death or grievous bodily harm, in violation of Articles 81 and 128, Uniform Code of Military Justice. 10 U.S.C. §§ 881, 928 (2006) [hereinafter UCMJ]. Contrary to appellant's pleas, the military judge convicted appellant of attempted premeditated murder and assault with a dangerous weapon, in violation of Articles 80 and 128, UCMJ. The military judge sentenced appellant to a dishonorable discharge, twelve years of confinement, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved confinement for eleven years and otherwise approved the sentence.[1]

This case is before this court for review pursuant to Article 66, UCMJ. Appellant alleges that his two assault convictions (assault with a means likely to

---

[1] Appellant was credited with 211 days of confinement credit against the sentence to confinement.

produce death or grievous bodily harm and assault with a dangerous weapon) are multiplicious with his conviction for attempted premeditated murder. Alternatively, appellant alleges that these assault offenses constitute an unreasonable multiplication of charges. Without reaching the multiplicity issue, we grant relief for an unreasonable multiplication of charges. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not merit discussion or relief.

## BACKGROUND

Appellant was charged with and found guilty of, *inter alia*, the following offenses:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 80.

SPECIFICATION: In that [appellant], U.S. Army, did, at or near Ruschberg, Germany on or about 02 February 2011, attempt to murder Mr. [AG] with premeditation by striking Mr. [AG] in the head with a hammer and stabbing him with a knife.

CHARGE III: VIOLATION OF THE UCMJ, ARTICLE 128

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Ruschberg, Germany on or about 02 February 2011, commit an assault upon Mr. [AG] by striking him on the head with a means likely to produce death or grievous bodily harm, to wit: a hammer.

SPECIFICATION 2: In that [appellant], U.S. Army, did, at or near Ruschberg, Germany on or about 02 February 2011, commit an assault upon Mr. [AG] by stabbing him in the back with a dangerous weapon, to wit: a knife.

Before trial, appellant made a motion requesting the military judge "merge [S]pecifications 1 and 2 of Charge III into one offense for the purposes of sentencing, should [appellant] be convicted of both offenses. In response, the government asked the military judge to defer ruling on the motion until after the announcement of findings. The defense had no objection to the government's request, and the military judge invited the defense to re-raise the motion after findings. After announcing the findings, the military judge again addressed this motion. At that point, the defense asked that the military judge "merge Specifications 1 and 2 of Charge III into [t]he Specification of Charge I" for

sentencing purposes. The government did not object, and the military judge agreed to do so.[2]

## LAW AND DISCUSSION

Appellant's assault convictions are predicated upon the same criminal acts as his attempted premeditated murder conviction: striking Mr. [AG] in the head with a hammer and stabbing him with a knife. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

Under the facts of this case, the *Quiroz* factors balance in favor of appellant, requiring that we set aside appellant's assault convictions. The two assault convictions ultimately exaggerate appellant's criminality. Furthermore, the facts supporting appellant's attempted premeditated murder conviction are the same facts that support his assault convictions. This single transaction unreasonably resulted in

---

[2] It is clear from the record that the parties and military judge were relying on the grounds of multiplicity for sentencing for relief. We note this case was decided before *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2013), where our superior court clarified that "there is only one form of multiplicity . . . if an offense is multiplicious for sentencing it must necessarily be multiplicious for findings as well." Consequently, we will consider the military judge's ruling as one finding an unreasonable multiplication of charges for sentencing.

three convictions.[3]  Accordingly, we set aside appellant's assault convictions.  *See Campbell*, 71 M.J. at 23 (noting one or more factors may be sufficiently compelling, without more, to warrant relief).  These factors outweigh appellant's lack of objection at trial, the fact that the assault convictions do not increase appellant's punitive exposure, and the lack of evidence regarding prosecutorial overreach or abuse in drafting the charges.  Because we grant relief through unreasonable multiplication of charges, we do not reach the constitutional issue of multiplicity.  *Cf. United States v. Serianne*, 69 M.J. 8, 10-11 (C.A.A.F. 2010) (deciding issue on a nonconstitutional regulatory ground without reaching constitutional questions).

Having determined that setting aside the findings of guilty of appellant's assault convictions is warranted, we now turn to appellant's sentence in light of the modified findings.  We are "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *United States v. Sales,* 22 M.J. 305, 307 n.3 (C.M.A. 1986), and, thus, we will reassess the sentence at our level.  As a threshold matter, the maximum punishment remains unchanged, and the military judge treated the offenses at issue as one for sentencing purposes.  Second, our decision does not alter the aggravation evidence properly before the sentencing authority.  Third, appellant also elected trial by judge alone and we are "more likely to be certain of what a military judge alone would have done than what a panel of members would have done."  *United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring in result).  As a result, we affirm the approved sentence.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty of Specifications 1 and 2 of Charge III and Charge III are set aside.  The remaining findings are AFFIRMED.  Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *Moffeit*, to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

---

[3] Nothing in this decision limits the government's ability to account for exigencies of proof through pleading and attempting to prove alternative theories of liability.  However, after these exigencies of proof were met, appellant suffered an unreasonable multiplication of charges.

4

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court