*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, FLUHR, and FLINTOFT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jamar M. DAVIS**
Aviation Boatswain's Mate Aircraft Handler Airman (E-3), U.S.
Navy
*Appellant*

**No. 202400121**

_____

Decided: 15 October 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Rachel E. Trest

Sentence adjudged 11 December 2023 by a general court-martial convened at Naval Station Mayport, Florida, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for six months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Christopher C. McMahon, JAGC, USN*

For Appellee:
*Commander John T. Cole, JAGC, USN*
*Major Mary Claire Finnen, USMC*

---

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

---

PER CURIAM:

A general court-martial convicted Appellant, consistent with his pleas, of one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ).[1] We have jurisdiction to review this case under Article 66(b)(3), UCMJ.[2]

Appellant asserts two assignments of error. The assignments of error are reordered and rephrased, as follows: (1) whether the military judge erred in barring Appellant from raising a mistake of fact defense as to the victim's age; and (2) whether the military judge abused her discretion in accepting Appellant's pleas of guilty to sexual abuse of a child involving indecent exposure when there was evidence Appellant may have lacked knowledge at the time of the offense that the victim was a child. We find no prejudicial error and affirm.

## I. BACKGROUND

In early March 2021, while stationed in Yokosuka, Japan, Appellant received a friend request over the Snapchat application from an individual he did not know.[3] The requester was later identified as J.R.,[4] a seven-year-old girl. Appellant accepted J.R.'s request and they began exchanging communications. Initially, the messaging consisted of "small talk," according to Appellant.[5] However, the tenor of the communications escalated with both Appellant and

---

[1] 10 U.S.C. § 920b.

[2] 10 U.S.C. § 866(b)(3).

[3] Pros. Ex. 1 at para. 4.

[4] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

[5] Pros. Ex. 1 at para. 4.

J.R. eventually transmitting sexually explicit material.[6] More specifically, Appellant intentionally sent J.R. "photos of [his] exposed penis" and "videos of [his] exposed penis while [he] masturbated."[7] Appellant "sent both the pictures and videos of [his] exposed penis with the intent to gratify [his] sexual desire."[8]

To communicate with Appellant, J.R. used the Snapchat application on a family member's mobile telephone.[9] J.R.'s mother discovered her explicit communications with Appellant. J.R.'s mother used Appellant's Snapchat username and other social media platforms to identify Appellant's identity.[10] J.R.'s mother and other family members eventually referred the matter to local law enforcement.

The Naval Criminal Investigative Service opened an investigation, and an agent conducted an interview of Appellant. When asked about J.R.'s age, Appellant stated that based on the materials he received from J.R., that she could have been "an underage girl."[11] When questioned further regarding J.R.'s age, Appellant characterized her as "pretty young" and that she was "like, 17, 15, or 18. Something like that."[12] Later in the interview, Appellant stated that 15 was a "pretty fair and accurate" estimate of J.R.'s age.[13] Appellant expressed to the interviewing agent that he did not know J.R. was a seven-year-old girl until her mother contacted him through social media and advised him as to J.R.'s age.[14]

The Government charged Appellant under Article 120b for sexual abuse of a child involving indecent exposure and sexual abuse of a child involving indecent communication. The Government also charged him under Article 134 for receiving child pornography and producing child pornography.

After arraignment, the parties filed several pretrial motions. Of note for our appellate review, the Government filed a motion *in limine* to bar Appellant

---

[6] Pros. Ex. 1 at paras. 5-6.

[7] Pros. Ex. 1 at para. 6.

[8] Pros. Ex. 1 at para. 6.

[9] App. Ex. V at 6.

[10] App. Ex. V at 6.

[11] App. Ex. XXXV at 69.

[12] App. Ex. XXXV at 70.

[13] App. Ex. XXXV at 72.

[14] App. Ex. XXXV at 74.

from mounting a mistake of fact defense as to J.R.'s age for the two specifications charged under Article 120b.[15] In its motion, the Government urged a "plain reading" of Article 120b which provides that "[i]t is not a defense that the accused reasonably believed that the child had attained the age of 12 years,"[16] and that the Government was not required "to prove that the accused knew the age of the child, and a reasonable belief that the child was above the age of 12 cannot be used as a defense."[17] Appellant nevertheless opposed the government's motion *in limine*. In so doing, Appellant insisted that he be permitted to assert a mistake of fact defense as to the victim's age because it is an important factor in determining whether his actions were "indecent."[18] In that regard, Appellant asserted that there was nothing to make him aware that that the victim was seven years old.[19]

After conducting a hearing on the Government's motion *in limine*, the military judge granted the motion.[20] In a written ruling on the motion, the military judge made several findings of fact, including that J.R. was seven years old at the time she received an image of an "unclothed penis" from Appellant over the Snapchat application.[21] She then referred to the plain language of Article 120b that " '[i]t is not a defense that the accused reasonably believed that the child had attained the age of 12 years, when the age of the child is under 12 years."[22] The military judge noted that Congress has made its intent "crystal clear" by allowing a mistake of fact defense for a case involving a victim between 12 years of age and 16 years of age, but not for a case involving a victim who is under 12 years of age.[23] Citing Appellant's concession that J.R. was seven years old at the time of the offense, as well as evidence regarding J.R.'s age submitted by the Government in support of its motion, the military

---

[15] App. Ex. IV.

[16] App. Ex. IV at 2-3 (citing 10 U.S.C. § 920b(d)(1)).

[17] App. Ex. IV at 2-3.

[18] App. Ex. XVIII at 2.

[19] App. Ex. XVIII at 3.

[20] App. Ex. XL.

[21] App. Ex. XXXII at 3.

[22] App. Ex. XXXII at 5 (citing 10 U.S.C. § 920b(d)(1)).

[23] App. Ex. XXXII at 6.

judge concluded that Appellant could not assert a mistake of fact defense as to the offenses charged under Article 120b.[24]

Following resolution of the parties' pretrial motions by the military judge, the parties entered into a plea agreement. Through that agreement, Appellant agreed to enter a plea of guilty to Specification 1 under Charge I, which alleged that he committed sexual abuse of a child involving indecent exposure, in violation of Article 120b.[25] Also, Appellant agreed "to waive all motions not already raised, except those that are non-waivable pursuant to R.C.M. 705(c)(l)(B), specifically preserving the right to appeal the Military Judge's ruling with respect to the Government's motion *in limine* dated 28 July 2023."[26]

Appellant signed a stipulation of fact admitting guilt to the Article 120b offense.[27] He acknowledged the following in the stipulation of fact:

> In addition to receiving the explicit images and videos from J.R., I reciprocated by intentionally sending her photos of my exposed penis. I also sent her videos of my exposed penis while I masturbated. I sent both the pictures and videos of my exposed penis with the intent to gratify my sexual desire.[28]

As to J.R.'s age, Appellant stated in the stipulation of fact that "I am now aware that in March 2021, J.R. was seven years old and was thus a child under the age of 16 years."[29]

During the providence inquiry, the military judge explained the elements of the offense as follows:

> That on or about March 2021, at or near Yokosuka, Japan, you committed a lewd act upon [J.R.] by intentionally exposing your genitalia to J.R. via communication technology;
>
> Two, that at the time, J.R. had not attained the age of 16 years; and

---

[24] App. Ex. XXXII at 7.

[25] App. Ex. XXXIII at 2.

[26] App. Ex. XXXIII at 5.

[27] Pros. Ex. 1.

[28] Pros. Ex. 1 at para. 6.

[29] Pros. Ex. 1 at para. 8.

Three, that you did so with an intent to abuse, humiliate or degrade any person, or to arouse or gratify the sexual desire of any person.[30]

The military judge also defined several key terms relating to Appellant's offense, including "lewd act" and "child."[31] Appellant then admitted that the elements of the offense as explained by the military judge accurately described what he did.[32]

When asked to state why he believed he was guilty of the charged offense, Appellant responded, "I sent pictures and videos to a minor to sexually gratify myself."[33] Regarding J.R.'s age, Appellant claimed that at the time of the offense he believed she was an adult over the age of 18, based on the "body parts and the text messages that [he] received was of an adult."[34] According to Appellant, J.R. did not tell him how old she was.[35] After reviewing materials relating to the investigation, including a forensic interview of J.R., Appellant accepted that she was indeed a child who was seven years old at the pertinent time.[36] Appellant also acknowledged the "lewd" nature of his actions relating to J.R.[37]

While preserving a challenge to the military judge's ruling barring a mistake of fact as to age defense, Appellant affirmed that he did not have any legal justification or excuse for committing the offense.[38] He also noted that he could have avoided committing the offense "[b]y asking her age or blocking communication in general."[39]

After considering and then accepting the plea agreement between the parties, the military judge found that Appellant entered his plea of guilty "voluntarily and with full knowledge of its meaning and effect" and that his guilty

---

[30] R. at 203.

[31] R. at 203-04.

[32] R. at 204.

[33] R. at 204-05.

[34] R. at 210.

[35] R. at 217-18.

[36] R. at 212.

[37] R. at 214, 217.

[38] R. at 223.

[39] R. at 223-24; App. Ex. XXXIII.

plea was provident.[40] As such, she accepted Appellant's guilty plea and entered a finding of guilty on the sexual abuse of a child charge.[41]

## II. DISCUSSION

### A. The Military Judge did not Commit Error by Prohibiting Appellant from Raising a Mistake of Fact Defense.

Describing the imposition of strict liability in sexual abuse cases involving a victim under the age of 12 as "unworkable in the digital age," Appellant argues that he should have been able to raise a mistake of fact as to J.R.'s age to defend himself against the Article 120b charge.[42] He further contends that allowing him to mount such a defense "would not seriously disrupt the effective operation" of Article 120b nor would it "materially hamper the vital effort to protect minors from sexual abuse."[43]

In determining a question of law, such as whether a mens rea requirement applies to a punitive article of the UCMJ, this court employs a de novo standard of review.[44] Moreover, traditional rules of statutory construction guide our review.[45] Our superior court has held that if the prosecution "is not required to prove that an accused had knowledge of the facts that make his or her actions criminal in order to secure a conviction, then the underlying crime is properly deemed a strict liability offense."[46] While strict liability offenses are generally disfavored, "Congress may purposefully omit from a statute the need to prove an accused's criminal intent, and courts are then obligated to recognize this congressional intent and conform their rulings accordingly."[47]

---

[40] R. at 247-48.

[41] R. at 249.

[42] Appellant's Brief at 37-38.

[43] Appellant's Brief at 44(citations omitted).

[44] *United States v. Serianne*, 69 M.J. 8, 10 (C.A.A.F. 2010)).

[45] *United States v. Gifford*, 75 M.J. 140, 142 (C.A.A.F. 2016) (citing *United States v. Estrada*, 69 M.J. 45, 47 (C.A.A.F. 2010)).

[46] *Gifford*, 75 M.J. at 142 (citing *Liparota v. United States*, 471 U.S. 419, 443 n.7 (1985) (White, J., dissenting)).

[47] *Id.* at 143 (citing *United States v. Balint*, 258 U.S. 250, 252-53 (1922); *Staples v. United States*, 511 U.S. 600, 606 (1994)).

Turning to the construction of Article 120b, that article was enacted into law in December 2011[48] and provides that "[a]ny person subject to this chapter who commits a lewd act upon a child is guilty of sexual abuse of a child and shall be punished as a court-martial may direct."[49] Article 120b defines "child" to mean a "person who has not attained the age of 16 years."[50] Furthermore, the term "lewd act" is defined under Article 120b to include "intentionally exposing one's genitalia, anus, buttocks, or female areola or nipple to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person."[51]

Of significance here, Congress included specific language in Article 120b regarding the age of victim children. For cases involving a child under the age of 12, the statutory language plainly states:

> In a prosecution under this section, it need not be proven that the accused knew the age of the other person engaging in the sexual act or lewd act. It is not a defense that the accused reasonably believed that the child had attained the age of 12 years.[52]

In the face of the clear expression of congressional intent embodied in Article 120b, Appellant nonetheless argues that he should have been able to raise a mistake of fact defense as to J.R.'s age.[53] Appellant relies principally on an opinion of the United States Court of Appeals for the Ninth Circuit, which addressed a prosecution under Title 18, United States Code, Section 2251(a).[54] That statute criminalizes, among other things, employing or using any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct.[55] Concluding that imposing criminal sanctions under Section 2251(a) on a strict liability basis could impinge on speech

---

[48] Nat'l. Defense Authorization Act for Fiscal Year 2012, Pub. L. No. 112-81, tit. V, § 541(b), 125 Stat. 1407 (2011).

[49] 10 U.S.C. § 920b(c).

[50] 10 U.S.C. § 920b(h)(4).

[51] 10 U.S.C. § 920b(h)(5)(B).

[52] 10 U.S.C. § 920b(d)(1).

[53] Appellant's Brief at 38.

[54] *United States v. United States Dist. Court for Cent. Dist.*, 858 F.2d 534 (9th Cir. 1988).

[55] 18 U.S.C. § 2251(a).

protected by the First Amendment to the United States Constitution, the Ninth Circuit considered if the defendant in that case should be permitted to mount a mistake of fact defense as to the victim's age.[56] The Ninth Circuit noted that Section 2251 was "silent on whether reasonable mistake of age may serve as an affirmative defense" and that "there is no evidence that Congress considered and rejected the possibility of providing for such a defense."[57] Hence, the Ninth Circuit concluded that "[e]ngrafting such a defense would therefore not require us to ignore the legislative will in order to avoid" conflict with the First Amendment.[58]

In contrast to the defendant in *United States Dist. Court for Cent. Dist.*, Appellant has not advanced an argument that his communications with J.R. were somehow protected by the First Amendment. Moreover, unlike Section 2251, Article 120b contains an express indication of congressional intent in the text of the statute to dispense with mens rea as to the age of the victim.[59] The language in question provides that "[i]n a prosecution under this section, it need not be proven that the accused knew the age of the other person engaging in the sexual act or lewd act."[60] With that above statutory language, "the underlying crime is properly deemed a strict liability offense"[61] and evidence tending to show that Appellant did not know the age of the victim at the time of the offense is therefore irrelevant.

Furthermore, as we noted previously in a case involving a victim between 12 years of age and 16 years of age, Article 120b complies with Supreme Court requirements to dispense with mens rea with respect to the age of the victim because the article includes an "indication of congressional intent."[62] We see no reason to change course here, especially in a case involving a victim who is under 12 years of age for which Congress's expression of its intent is even more

---

[56] *United States Dist. Court for Cent. Dist.*, 858 F.2d at 542.

[57] *Id.*

[58] *Id.* (internal quotations omitted).

[59] 10 U.S.C. § 920b(d)(1).

[60] *Id.*

[61] *Gifford*, 75 M.J. at 142 (citing *Liparota v. United States*, 471 U.S. 419, 443 n.7 (1985) (White, J., dissenting).

[62] *United States v. Armao*, No. 202200109, 2023 CCA LEXIS 483, *15 (N-M. Ct. Crim. App. Nov. 17, 2023) (unpublished) (citing *Staples*, 511 U.S. at 606).

strongly articulated because it bars "a defense that the accused reasonably be-lieved that the child had attained the age of 12 years."[63] With such clear stat-utory language, reading a mistake of fact defense into Article 120b for offenses involving victims under 12 years of age is a decision for policymakers, not this Court.[64] As such, we find no error in the military judge's decision to prohibit Appellant from raising a mistake of fact as to the victim's age in defense of the charge under Article 120b.

## B. The Military Judge did not Abuse her Discretion by Accepting Appellant's Guilty Plea

We review a military judge's decision to accept a guilty plea for an abuse of discretion.[65] It is an abuse of discretion for a military judge to accept a guilty plea if the acceptance is based on an erroneous view of the law.[66] A reviewing appellate court may only reject a guilty plea if there is a substantial basis in law or fact to question the plea.[67] We review questions of law arising from guilty pleas de novo.[68]

Appellant argues that the military judge should have rejected his guilty plea because at the time of the offense, Appellant did not believe J.R. was a child and that he "therefore lacked the requisite criminal intent for a finding of guilty on this charge."[69] We disagree and conclude that it need not have been proven that Appellant knew the age of the victim at the time he committed offense. Moreover, as discussed *supra,* Appellant was properly prohibited from raising a mistake of fact defense as to J.R.'s age because she was under 12 years old. Finally, Appellant's guilty plea to an offense under Article 120b was provident, as discussed below.

As the military judge explained, the elements for sexual abuse of a child, in violation of Article 120b included: (1) that on or about March 2021, at or near Yokosuka, Japan, Appellant committed a lewd act upon J.R. by intention-

---

[63] 10 U.S.C. § 920b(d)(1).

[64] *United States v. Wilson*, 66 M.J. 39, 43 (C.A.A.F. 2008).

[65] *United States v. Hiser,* 82 M.J. 60, 64 (C.A.A.F. 2022).

[66] *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012 (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

[67] *Inabinette*, 66 M.J. at 322 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

[68] *Id.*

[69] Appellant's Brief at 21.

ally exposing his genitalia to J.R. via communication technology; (2) that Appellant committed the lewd act with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person; and (3) that at the time of the lewd act, J.R. was a child, meaning that she had not attained the age of 16 years.[70] Absent from those elements is a requirement that it be proven that Appellant "knew the age" of J.R. while committing the offense.[71]

Regarding evidence to support the above elements, Appellant entered into a stipulation of fact on 1 December 2023, which the military judge admitted into the record.[72] In the stipulation of fact, Appellant admitted that he intentionally sent J.R. "photos of [his] exposed penis."[73] He also admitted in the stipulation of fact that he "sent her videos of [his] exposed penis while [he] masturbated."[74] Appellant confirmed that he "sent both the pictures and videos of [his] exposed penis with the intent to gratify [his] sexual desire.[75] As to J.R.'s age, Appellant stated in the stipulation of fact that he was "now aware that in March 2021, J.R. was seven years old and was thus a child under the age of 16 years."[76]

During the providence inquiry, the military judge explained the elements and defined key terms related to the offense.[77] Appellant admitted that the elements of the offense as explained by the military judge accurately described what he did.[78] When asked to describe his offense in his own words, Appellant stated, "I sent pictures and videos to a minor to sexually gratify myself."[79] Appellant also acknowledged that he subsequently learned that J.R. was a seven-year-old child at the time he committed the offense.[80]

The factual circumstances as revealed by Appellant through his stipulation of fact and statements under oath during the providence inquiry "objectively

---

[70] R. at 203-04.

[71] 10 U.S.C. § 920b(d)(1).

[72] Pros. Ex. 1; R. at 201 (admitting the stipulation of fact into evidence).

[73] Pros. Ex. 1 at para. 6.

[74] Pros. Ex. 1 at para. 6.

[75] Pros. Ex. 1 at para. 6.

[76] Pros. Ex. 1 at para. 8.

[77] R. at 202-04.

[78] R. at 204.

[79] R. at 205.

[80] R. at 212-13, 218.

support" the guilty plea.[81] Moreover, the contents of the stipulation of fact and the providence inquiry provide a sufficient factual basis to establish the elements of sexual abuse of a child, in violation of Article 120b. Furthermore, because Appellant himself conceded that J.R. had not attained the age of 12 years,[82] the defense of mistake of fact as to her age was not available.[83] Therefore, we find that the military judge did not abuse her discretion in accepting Appellant's guilty plea.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[84]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[81] *See United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980)).

[82] Pros. Ex. 1 at para. 8; R. at 212-13, 218.

[83] 10 U.S.C. § 920b(d)(1).

[84] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.